UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-84-PEP

JERRY K. TAYLOR,                                                    PLAINTIFF,

V.                          **MEMORANDUM OPINION
                               AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                          DEFENDANT.

I.  INTRODUCTION

Plaintiff, Jerry K. Taylor, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income.  This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant Commissioner.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for a period of disability, disability insurance benefits, and supplemental security income on April 26, 2002.  (Tr. 71-73, 304-306.) The claims were denied initially and on reconsideration.  (Tr. 29-32, 40-42, 308-310, 312-314.)    At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge Steven A. DeMonbreum (hereinafter "ALJ"), was conducted on May 12, 2004.[1]  (Tr. 321-358.)  Plaintiff, accompanied by his attorney, testified at the hearing.  (Id.)  Also testifying was vocational expert Leah P. Salyers (hereinafter "VE").  (Id.)  On December 2, 2004, the ALJ found that Plaintiff was not disabled and therefore did not qualify for a period of disability, disability insurance benefits, or supplemental security income.  (Tr. 10-26.)   The Appeals Council declined to review the ALJ's decision (Tr. 5-7) and Plaintiff now seeks judicial review.

Plaintiff was thirty-four years old at the time of the hearing decision.  (Tr. 23, 71, 304, 326.)  Plaintiff's education is limited to the tenth grade and his past relevant work experience consists of employment as a scoop and shuttle car operator in a coal mine.  (Tr. 115, 327-328, 352.)  On December 2, 2004, the ALJ issued his decision

---

[1] A prior administrative hearing was held on October 2, 2003.  That hearing was adjourned because the ALJ believed that a consultative examination with an orthopedic specialist would advance a proper resolution of the claims.  (Tr. 315-320.)

finding Plaintiff not disabled.  (Tr. 10-26.)  At the outset, the ALJ found that Plaintiff met the disability insured status requirement for a period of disability and disability insurance benefits under the Social Security Act, <u>see generally</u> 20 C.F.R. §§ 404.130-404.132, and was insured for benefits through December 2, 2004.  (Tr. 25.)  At the first step of the sequential evaluation process, <u>see generally</u> 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since March 30, 2002, the alleged onset date of disability.  (Tr. 25.)  At the second step, the ALJ found that Plaintiff's injury residuals from an automobile accident and reflex sympathetic dystrophy of the right hand were severe within the meaning of the Regulations, <u>see</u> 20 C.F.R. §§ 404.1520(c), 416.920(c).  (Tr. 25.)  However, the ALJ determined that Plaintiff's diagnosed ptosis of the left eye, elevated blood pressures, and his alleged anxiety and breathing difficulties were non-severe impairments.  (Tr. 19-20.)  At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, <u>see generally</u> 20 C.F.R. pt. 404, subpt. P, app. 1.  (Tr. 25.)  At the fourth step, the ALJ found that Plaintiff is not able to perform any of his past relevant work.  (<u>Id.</u>)

At the fifth and final step, relying on the testimony of the VE and taking into consideration the Plaintiff's age, educational background, past relevant work

experience, and residual functional capacity (hereinafter "RFC")[2], the ALJ found that

Plaintiff was capable of making a successful adjustment to work existing in substantial

numbers in the national economy.[3] (Tr. 23-26.)  Accordingly, the ALJ found Plaintiff

not to be disabled at step five of the sequential evaluation process.  See 20 C.F.R. §§

404.1520(g), 416.920(g).  The Appeals Council denied Plaintiff's request for review

and adopted the ALJ's decision as the final decision of the Commissioner on March

2, 2005.  (Tr. 5-7.)  Plaintiff thereafter filed this action.  By virtue of the parties'

---

[2] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001).  In the instant case, the ALJ found that Plaintiff retained the RFC to perform a range of light work activities that requires lifting or carrying of no more than 20 pounds occasionally and 10 pounds frequently.  The ALJ found that Plaintiff's ability to stand, sit, and walk was not affected, but that Plaintiff could only occasionally climb, balance, stoop, crouch, kneel, or crawl.  The ALJ also determined that Plaintiff should avoid repetitive reaching, handling, feeling, and pushing and pulling with the right upper extremity.  Environmentally, the ALJ found that Plaintiff should avoid cold temperatures and vibrations.  (Tr. 23, 25, 352.)

[3] Although not per se required, the testimony of a VE is the preferred method of supporting a finding that Plaintiff is capable of making an adjustment to work found in significant numbers in the national economy.  See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978).  In the instant case, at the sedentary level of exertion, the VE listed information clerk (769,000 jobs nationally and 7,000 regionally) and surveillance system monitor (165,000 nationally and 8,000 regionally) as jobs existing in significant numbers in the national economy that a person of Plaintiff's age, educational background, work experience, and assumed limitations could perform.  At the light exertional level, the VE listed office messenger (125,000 nationally and 7,000 regionally) and gate guard (148,000 nationally and 7,500 regionally).  When asked by the ALJ to identify which of the listed jobs would be eliminated if additional restrictions were placed on Plaintiff's ability to be in the vicinity of large crowds and ability to interact with the public, the VE testified that only the information clerk job would be affected.  (Tr. 352-353.)

stipulations of consent (Record Nos. 4 and 7), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 12 and 15), which are now ripe for review.

III. ANALYSIS

A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th

Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

B.  Plaintiff's Contentions on Appeal and Analysis

Plaintiff's sole claim on appeal is that the ALJ improperly acted as his own medical expert.  Bifurcating Plaintiff's physical and mental impairments, the ALJ, at step two of the sequential evaluative process, found that while Plaintiff suffered from physical impairments that were severe, Plaintiff's mental impairment (anxiety) was non-severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 416.920(c).  (Tr. 19, 25.)  With regard to Plaintiff's physical impairments, the ALJ concluded at step five of the sequential evaluative process that Plaintiff's impairments did not prevent him from making an adjustment to work found in significant numbers

in the national economy.  (Tr. 24-25.)   Plaintiff's memorandum in support of his motion for summary judgment does not challenge this finding.  This analysis will therefore focus on the ALJ's determination that Plaintiff's anxiety was non-severe within the meaning of the Regulations.

The Regulations require that a claimant have a severe impairment or combination of impairments in order to qualify for benefits.   20 C.F.R. §§ 404.1520(c), 416.920(c).  A non-severe impairment is defined as an impairment that "does not significantly limit [a claimant's] physical or mental ability to do basis work activities."[4] 20 C.F.R. §§ 404.1521(a), 416.921(a).  In the instant case, the ALJ found that Plaintiff's anxiety was non-severe. (Tr. 19, 25.) This finding is inconsistent with the report of Dr. Templin, an occupational and pain medicine specialist.  Among other diagnoses, Dr. Templin reported that Plaintiff suffered from severe anxiety and that Plaintiff's chronic pain condition caused difficulty with concentration. (Tr. 301-302.)

Contrary to Plaintiff's argument, the ALJ's rejection of Dr. Templin's opinion was not the exercise of medical expertise.   The responsibility of weighing the evidence and resolving conflicts in the record lies with the ALJ.  See Chandler v.

---

[4] Examples of abilities and aptitudes necessary to perform basis work activities are: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, remembering, and executing simple instructions; (4) exercise of judgment; (5) responding appropriately to supervisors, co-workers, and usual work situations; and (6) dealing with changes in a work setting.  20 C.F.R. §§ 404.1521(b), 416.921(b).

Comm'r of Soc. Sec., 2005 U.S. App. Lexis 3264 at *9 (6th Cir. Feb. 23, 2005);

Acquaviva v. Sec'y of Health & Human Servs., 1983 U.S. App. LEXIS 12275 at *5

(6th Cir. Dec. 9, 1983); Mercer v. Matthews, 403 F. Supp. 1350, 1354 (E.D. Ky. 1975).

While the ALJ must consider all medical opinions in the record, 20 C.F.R. §§

404.1527(b), 416.927(b), the amount of weight attached to medical opinions will

depend on factors such as supportability, consistency, and the nature, length, and

frequency of the treatment or examining relationship.  The Regulations provide that

the more a medical source presents relevant evidence to support an opinion,

particularly medical signs and laboratory findings, the more weight should be afforded

to that opinion.  20 C.F.R §§ 404.1527(d)(3); 416 .927(d)(3).  Supportability also

means that the amount of weight attached to an opinion should depend on the quality

of the explanation the source provides for that opinion.  Id.  Likewise, the more

consistent an opinion is with the record as a whole, the more weight should be

attached to that opinion.[5] 20 C.F.R. 404.1527(d)(4), 416.927(d)(4).  Another relevant

factor is the treatment or examining relationship between the claimant and the source

of the opinion.  Logically, the longer the treatment relationship or the more frequent

the examinations, the more weight will attach to the opinion.   20 C.F.R.  §§

---

[5] Internal inconsistencies is another factor that could decrease the amount of weight afforded to a medical opinion.  See Swift v. Sec'y of Health & Human Servs., 1990 U.S. App. LEXIS 8744 at *4-6 (6th Cir. May 30, 1990).

404.1527(d)(2)(i), 416.927(d)(2)(i); see also Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

In the instant case, the ALJ identified shortcomings in Dr. Templin's opinion. Consistent with the Regulations, these shortcomings served as sufficient grounds for the ALJ's decision to afford little wight to Dr. Templin's opinion.  With regard to supportability, the ALJ noted that Dr. Templin assessed Plaintiff's mental state without conducting a mental status examination or psychological testing, and without even reviewing Plaintiff's medical records.[6]  (Tr. 19, 296-303.)  The ALJ also noted that Dr. Templin's report failed to provide support for the alleged mental limitations. (Tr. 19, 302-303.)  With regard to consistency, the ALJ pointed out that while Dr. Templin's report depicts Plaintiff as a "bedridden invalid,' Plaintiff's admitted daily life activities belied such diagnosis.[7]  (Tr. 19, 296-303, 343-350.)  The ALJ also noted an internal inconsistency in Dr. Templin's report.  Dr. Templin opined that Plaintiff lacked the ability to maintain attention and concentration.  Incongruently, Dr. Templin also opined that Plaintiff had good ability to follow work rules.  (Tr. 19, 303.)  Finally,

---

[6] In his report, Dr. Templin stated that he needed to obtain Plaintiff's old medical records for a complete review.  (Tr. 299.)

[7] Dr. Templin opined that Plaintiff could never climb, balance, stoop, crouch, kneel, or crawl, and could stand, walk, or sit for very limited periods of time only.  (Tr. 301-302.)  Dr. Templin also opined that Plaintiff's reaching, pulling, and pushing abilities were severely limited.  (Tr. 302.)  At the administrative hearing, Plaintiff testified that he sometimes attends church with his aunt, goes out to dinner with friends, and can prepare simple meals.  (Tr. 343-350.)

the ALJ pointed out that the doctor-patient relationship between Dr. Templin and Plaintiff was limited, involving a post administrative hearing one-time examination only.  (Tr. 22.)  This observation suggests that the ALJ recognized that Dr. Templin's opinion was not entitled to the deference normally paid to treating source opinions.[8] See Sherrill v. Sec'y of Health & Human Servs., 757 F.2d 803, 805 (6th Cir. 1985); Allen v. Califano, 613 F.2d 134, 145 (6th Cir. 1980).

Because Dr. Templin's opinion lacks diagnostic and clinical support, is inconsistent with other evidence in the record and internally inconsistent, and in light of the limited examining relationship, the ALJ did not commit error, or improperly exercise medical expertise, by his decision to afford little weight to the opinion of Dr. Templin.  Where, as here, an opinion is not accorded controlling weight[9], "an ALJ must apply certain factors–namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship,

---

[8] The ALJ also noted some conflict between Dr. Templin's opinion and the remedial measures suggested by Dr. Hoover, Plaintiff's treating physician.  Dr. Hoover recommended that Plaintiff obtain a general equivalency degree, return to fishing as a hobby, and volunteer as a reader to the elderly in a nursing home (Tr. 286, 341), activities that would be precluded under Dr. Templin's work prohibitive assessment of Plaintiff's mental state.

[9] A treating source opinion must be afforded controlling weight only if it is supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); see also Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).  Dr. Templin was not a treating source.  Nor was his opinion supported by clinical or laboratory diagnostic techniques.  Furthermore, his opinion with regard to Plaintiff's mental state was inconsistent with other evidence in the record.

supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source–in determining what weight to give the opinion." <u>Pasco v. Comm'r of Soc. Sec.</u>, 2005 U.S. App. LEXIS 12613 at *21-22 (6th Cir. June 23, 2005).  This Court should not second guess an ALJ's well articulated reasons for affording little weight to the opinion of a medical source; especially where, as here, the ALJ's treatment of the opinion is in accordance with the Regulations.

Plaintiff submits the case of <u>Green v. Apfel</u>, 204 F.3d 780 (7th Cir. 2000), in support of his argument that the ALJ erred by acting as his own medical expert. Besides being merely persuasive authority, <u>Green</u> is also distinguishable.  In <u>Green</u>, the Seventh Circuit reversed the denial of benefits by an ALJ and remanded with instructions that a physician examine the claimant or his records to determine whether a disability existed.  <u>Id.</u> at 782.  The Court noted that the ALJ rejected the claimant's complaints of pain and failed to consider the aggregate effect of claimant's ailments. <u>Id.</u> at 781-82.  The Court concluded that the ALJ failed to build a bridge from the evidence to his conclusions because his analysis did not provide a rational basis for the denial of benefits.  <u>Id.</u> at 781.  In contrast, the ALJ here did engage in a detailed evaluation of the medical evidence to determine whether Plaintiff was disabled.  The ALJ considered Dr. Templin's opinion and concluded that it deserved little weight as

11

it was unsupported, inconsistent with other evidence, internally inconsistent, and the product of a limited examining relationship. Thus, it cannot be alleged that the ALJ failed to provide a rational basis for his decision to reject Dr. Templin's opinion.

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69. In the instant case, substantial evidence in the record supports the ALJ's decision to attach little weight to the opinion of Dr. Templin. Accordingly, the ALJ did not err in finding that Plaintiff's mental impairments were non-severe.

## IV.  CONCLUSION

Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) The Defendant Commissioner's motion for summary judgment (Record No. 15) is hereby GRANTED.

(2)  Plaintiff's motion for summary judgment (Record No. 12) is hereby DENIED.

(3)  Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the court's docket.

12

Signed December 15, 2005.



Signed By:

*Peggy E. Patterson*

United States Magistrate Judge

Date of Entry and Service: